UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DERRICK LEE SMITH,

          Petitioner,

v.

S.L. BURT,

          Respondent.

_____/

Case No. 1:17-cv-1082

Honorable Paul L. Maloney

## **OPINION**

This purports to be a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Discussion**

I. **Factual allegations**

Petitioner Derrick Lee Smith is incarcerated with the Michigan Department of Corrections at Muskegon Correctional Facility (MCF) in Muskegon, Muskegon County, Michigan. He is currently serving sentences imposed on two separate dates by the Wayne County Circuit Court: on May 26, 1998, following Petitioner's guilty plea to two counts of third-degree criminal sexual conduct in violation of MICH. COMP. LAWS § 750.520d(1)(b); and on October 29, 2008, following Petitioner's plea of nolo contendere to two counts of kidnapping in violation of MICH. COMP. LAWS § 750.349, and six counts of first-degree criminal sexual conduct in violation of MICH. COMP. LAWS § 750.520b(1)(c).

Petitioner has filed more than a dozen habeas corpus petitions in this Court. He has filed many more in the Eastern District of Michigan. Petitioner filed several petitions relating to the convictions and sentences described above, but this petition does not challenge those convictions or the sentences that followed. Instead, Petitioner challenges state appellate review of a misconduct proceeding in the Michigan Department of Corrections.

The petition is not a model of clarity. Nonetheless, the information provided in the petition was sufficiently detailed to permit identification of the appellate proceedings in the publicly available Michigan appellate court dockets in *Smith v. Mich. Dep't of Corr.*, No. 155633 (Mich.) and *Smith v. Mich. Dep't of Corr.*, No. 335684 (Mich. Ct. App.). The information for the appellate court dockets, in turn, identified the Wayne County Circuit Court case, *Smith v. Mich. Dep't of Corr.*, No. 16-006962-AA (Wayne Cnty. Cir. Ct.). The publicly available docket from that case provided additional information.

In the Wayne County Circuit Court case, Petitioner sought review, under MICH. COMP. LAWS. § 791.255 of an MDOC misconduct determination. Circuit Court Judge Annette J. Berry dismissed the review as untimely because Petitioner failed to file his application for review within 60 days. Petitioner filed an application for leave to appeal that decision.

In lieu of granting leave to appeal, the Michigan Court of Appeals vacated the circuit court decision, found the petition for review was timely filed, and remanded for further proceedings. The MDOC sought and was granted reconsideration. The court of appeals vacated its prior order and denied Petitioner's application for leave to appeal for lack of merit. Petitioner applied for leave to appeal in the Michigan Supreme Court. That application was denied by order entered November 29, 2017. *Smith v. Mich. Dep't of Corr.*, 903 N.W.2d 571 (Mich. 2017).

On December 8, 2017, Petitioner filed his habeas corpus petition. The petition contends that Petitioner's constitutional rights have been grossly violated in the state court proceedings. (Pet., ECF No.1, PageID.3.)

## II.     The fact or duration of confinement

This Court must "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court *only* on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a) (emphasis supplied). A proper habeas corpus application challenges "the fact or duration of . . . physical confinement itself," it seeks "immediate release or a speedier release from that confinement. . ." *Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973). "Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, . . . and a complaint under . . . 42 U.S.C. §1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus . . . requests for relief turning

on circumstances of confinement may be presented in a §1983 action." *Muhammad v. Close*, 540 U.S.749, 750 (2004) (citations omitted).

Petitioner's constitutional challenges do not relate to the convictions or sentences that give rise to the fact of his confinement and its duration. Instead he challenges a misconduct determination and the review of that determination. There are circumstances where a prison disciplinary proceeding might affect the duration of confinement by forfeiting "good-time" credits. *See Wolff v. McDonnell*, 418 U.S. 539 (1974). But misconduct convictions in Michigan do not presently have that effect. The Sixth Circuit has examined Michigan statutory law, as it relates to the creation and forfeiture of disciplinary credits[1] for prisoners convicted of crimes occurring after April 1, 1987. In *Thomas v. Eby*, 481 F.3d 434 (6th Cir. 2007), the court determined that loss of disciplinary credits does not necessarily affect the duration of a prisoner's sentence. Rather, it merely affects parole eligibility, which remains discretionary with the parole board. *Id.* at 440. Building on this ruling, in *Nali v. Ekman*, 355 F. App'x 909 (6th Cir. 2009), the court held that a misconduct citation in the Michigan prison system does not affect a prisoner's constitutionally protected liberty interests, because it does not necessarily affect the length of confinement. 355 F. App'x at 912; *accord Taylor v. Lantagne*, 418 F. App'x 408, 412 (6th Cir. 2011); *Wilson v. Rapelje*, No. 09-13030, 2010 WL 5491196, at * 4 (E.D. Mich. Nov. 24, 2010), *adopted as judgment of court*, 2011 WL 5491196 (Jan. 4, 2011). Because the misconduct conviction affected neither the fact nor the duration of Petitioner's confinement, the petition does not raise issues cognizable on habeas review and it must be dismissed.

---

[1] For crimes committed after April 1, 1987, Michigan prisoners earn "disciplinary credits" under a statute that abolished the former good-time system. MICH. COMP. LAWS. § 800.33(5).

**Conclusion**

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

**Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this

Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.

Dated: January 4, 2018  /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge